FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES W. R., | |
| Plaintiff, | No. 2:18-CV-00182-RHW |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his applications for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F, and his application for Disability Insurance Benefits under Title II of the Act, 42 U.S.C. § 401-434. *See* Administrative Record ("AR") at 1-3. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

**GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed his application for Disability Insurance Benefits on January 10, 2014, and his application for Supplemental Security Income on March 30, 2016. AR 18. In both applications, his alleged onset date of disability is November 2, 2012. *Id*. Plaintiff's applications were initially denied on September 4, 2014, and on reconsideration on January 7, 2016. *Id*. A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on December 7, 2016. *Id*. On January 13, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Act and was therefore ineligible for Disability Insurance Benefits or Social Security Income. AR 18-36. On April 27, 2018, the Appeals Council denied Plaintiff's request for review, thus making the ALJ's ruling the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981.

Plaintiff timely filed the present action challenging the denial of benefits, on June 7, 2018. ECF Nos. 1 and 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process ("the Process") for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 44 years old on the alleged disability onset date. AR 34. He has at least a high school education and is able to communicate in English. *Id.*  Plaintiff has past relevant work as a truck driver, truck driver helper, janitor, and heavy equipment operator. *Id*.

//

# V. THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from November 2, 2012, the alleged onset date, through January 13, 2017, the date the ALJ issued her decision. AR 18-36.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 2, 2012, the alleged onset date. (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 20.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: obstructive sleep apnea; status post lap band surgery; status post left shoulder arthroscopy; psoriatic arthritis; asthma; degenerative disc and joint disease – lumbar spine; status post right carpal tunnel release surgery; very mild left carpal tunnel syndrome; degenerative disc disease – cervical spine; and cyclothymic disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). *Id*.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 21.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(b) and 416. 967(b), with the following exceptions: he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; he could never

climb ladders, ropes, or scaffolds; he could occasionally reach overhead with his left upper extremity; he should avoid concentrated exposure to extreme temperatures, vibration, and respiratory irritants; he should avoid all exposure to hazards; he could understand, remember, and carry out simple, routine, and repetitive tasks or instructions; he could maintain attention and concentration on simple, routine tasks for two-hour intervals between regularly scheduled breaks during a full-time work schedule; and he would require a predictable, routine environment with no more than occasional and simple changes. AR 26.

The ALJ determined that Plaintiff is unable to perform past relevant work as a truck driver, truck driver helper, janitor, and heavy equipment operator. AR 34.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. AR 34-35. These include order clerk – food and beverage, charge account clerk, and electrical worker. AR 35.

## VI.    ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ reversibly erred by: (1) improperly rejecting Plaintiff's subjective complaints; (2) improperly  rejecting the opinions of Plaintiff's medical providers; (3) improperly

rejecting Plaintiff's severe impairments at step two of the Process; (4) failing to

find Plaintiff's impairments meet or equal a Listing at step three of the Process;

and (5) failing to conduct a proper step five analysis. ECF No. 12 at 6-7.

## VII. DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom

testimony without providing clear and convincing reasons for doing so. ECF No.

12 at 15-19.

#### 1. Legal standard.

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective

medical evidence of an underlying impairment or impairments that could

reasonably be expected to produce some degree of the symptoms alleged. *Id.*

Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [her] symptoms only by offering specific, clear, and convincing reasons

for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors,

including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284.

When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 27. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 21-34.

### 2. The ALJ properly discredited Plaintiff due to inconsistent statements.

As an initial matter, the ALJ pointed to Plaintiff's multiple inconsistent statements regarding his alleged level of limitation. AR 21-34. Prior inconsistent statements may be considered and relied upon by an ALJ when evaluating reliability of a claimant's testimony regarding the severity of his symptoms. *Smolen*, 80 F.3d at 1284; *Tommasetti*, 533 F.3d at 1039.

For example, the ALJ noted that although Plaintiff stated that he does not attend group activities, he reported to a medical provider that he attends movies and sporting events such as car and truck races with his family. AR 24, 497. In August 2014, Plaintiff reported that his anxiety had worsened since he began taking care of his 10-month-old grandchild nine days a month. AR 32, 658. However, he also stated that he felt better when he spent time with his grandchild. *Id*. At the hearing, Plaintiff testified that his left shoulder's range of motion had not improved since surgery and he experienced constant pain and frequent numbness in his left fingers and thumb. AR 27. Contrary to this testimony, in October 2015 Plaintiff reported to a medical provider that he was "doing well" and felt a lot better overall after his shoulder surgery. AR 29, 793.

The ALJ provided clear and convincing reasons for finding that Plaintiff provided inconsistent statements regarding his symptoms and level of disability. Further, there is substantial evidence in the record to support the ALJ's finding that Plaintiff provided inconsistent statements. Thus, the Court finds that the ALJ did not err by discrediting Plaintiff due to his inconsistent statements.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with objective medical evidence.

In addition to Plaintiff's inconsistent statements, the ALJ provided three more clear and convincing reasons for discrediting Plaintiff's allegations of limitations. AR 27-33. First, the ALJ also noted multiple inconsistencies between

Plaintiff's subjective complaints and the medical evidence. *Id*. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

In his briefing, Plaintiff argues that the ALJ erred by rejecting Plaintiff's "disabling allegations after engaging in a general review of the medical evidence, improperly ignoring and mischaracterizing substantial evidence of disability." ECF No. 12 at 17. Curiously, despite this boldly worded assertion, Plaintiff does not provide any specific instances of error, nor cites to the record to support his allegation. The Ninth Circuit has directed that a Plaintiff must do more than merely issue spot as his or her contentions are required to be accompanied by reasons in order to show prejudicial error. *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

As such, the Court will not manufacture arguments to support Plaintiff's assertion that the ALJ erred by finding inconsistencies between Plaintiff's subjective testimony and the objective medical evidence of record. In her decision, the ALJ pointed to several instances in which Plaintiff's subjective complaints were contradicted by objective medical evidence in the record. AR 28-33. Because Plaintiff failed to adequately refute such findings, the Court will not disturb them. Thus, the Court will not find that the ALJ erred in discrediting Plaintiff's

subjective complaints due to inconsistencies with objective medical evidence. *See*

*Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

1999) (an ALJ's determination that a claimant's complaints are inconsistent with

clinical evaluations can satisfy the requirement of stating a clear and convincing

reason for discrediting the claimant's testimony). Thus, the ALJ did not err in

discrediting Plaintiff's subjective complaints due to inconsistencies with objective

medical evidence.

### 4. The ALJ properly discredited Plaintiff's subjective complaints due to his activities of daily living.

Second, the ALJ found that Plaintiff's allegations of completely disabling

limitations were belied by his actual level of activity. AR 24-33. Activities

inconsistent with the alleged symptoms are proper grounds for questioning the

credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113

("[e]ven where those activities suggest some difficulty functioning, they may be

grounds for discrediting the claimant's testimony to the extent that they contradict

claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001).

The ALJ pointed to multiple examples of Plaintiff's activities of daily living

that did not correlate with the level of impairment he asserts. AR 24-33. For

instance, despite Plaintiff's allegations of a severe back impairment, he was able to

do household chores such as dusting, dishes, laundry, and vacuuming, AR 24, 32,

221, 224, 496, 497, 799; take an extended road trip, AR 31, 1301; and babysit his

grandchild, AR 24, 658.

The above activities contradict the level of debilitating physical impairment

alleged by Plaintiff. As such, the ALJ properly determined that Plaintiff's activities

did not support the level of disability he alleged and provided multiple clear and

convincing reasons for such determination.

### 5. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

Finally, the ALJ found that Plaintiff's allegations of disabling limitations are

inconsistent with his responses to treatment during the relevant time period. AR

29-33. The Ninth Circuit has indicated that a claimant's statements may be less

credible when treatment is inconsistent with the level of complaints, or a claimant

is not following treatment prescribed without good reason. *Molina*, 674 F.3d at

1114. The ALJ pointed to ample inconsistencies between Plaintiff's allegations and

her actual level of treatment.

For example, Plaintiff reported doing better after shoulder surgery; that

Tramadol seemed to help his back pain; and physical therapy for his neck was

going well and the sessions were helpful. AR 29-30. As such, Plaintiff's

allegations of disabling mental impairments are belied by his effective responses to

treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may

find a claimant's subjective symptom testimony not credible based on evidence of

effective responses to treatment); *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3). Thus, the ALJ properly determined that Plaintiff's level of treatment did not support level of impairment by Plaintiff.

Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

## B. The ALJ Properly Weighed the Medical Opinion Evidence.

Plaintiff also asserts that the ALJ erred in weighing the medical opinion evidence from two providers: (1) treating physician, Matthew Foster, M.D.; and (2) examining physician, Thomas Genthe, Ph.D. ECF No. 12 at 9-14.

### 1. Legal standard.

Title II's regulations, and accordingly, the Ninth Circuit, distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining

physician's. *Holohan*, 246 F.3d at 1202. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over those of non-specialists. *Id.*

In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ satisfies the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted). In contrast, an ALJ fails to satisfy the standard when he or she "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his [or her] conclusion." *Id.* at 1012-13. When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own

conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Importantly, the "specific and legitimate" standard analyzed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111. These include licensed physicians, licensed psychologists, and various other specialists. *See* former 20 C.F.R. §§ 404.1513(a) (2014). "Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the same deference as acceptable medical sources.[1] *Molina*, 674 F.3d at 1111; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f).

ALJs must consider nonmedical sources' lay observations about a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, an ALJ may discount a nonmedical source's opinion by providing reasons "germane" to each witness for doing so. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

//

//

---

[1] For claims filed on or after March 27, 2017, licensed nurse practitioners and physician assistants can qualify as acceptable medical sources in certain situations. *See* 20 C.F.R. § 404.1502(a)(7)-(8). As Plaintiff filed his claim in 2014, this does not apply here.

## 2. Treating physician, Matthew Foster, M.D.

Plaintiff argues that the ALJ improperly accorded partial weight to Dr. Foster's opinion. ECF No. 12 at 10-12. In November 2016, treating provider Dr. Foster completed a medical opinion questionnaire. AR 1054-1056. In his opinion, Dr. Foster opined that "the claimant would be limited to sedentary exertion." AR 1055. The ALJ agreed with Dr. Foster that Plaintiff is limited to sedentary work because of Plaintiff's impairments but found his other opinions unsupported. AR 31.

For example, the ALJ rejected Dr. Foster's opinion that "the claimant needed to lie down occasionally during the day for his low back pain," AR 1054-55; because "[t]he claimant never alleged he needed to lie down occasionally during each day."[2] AR. 31, 63-64. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

---

[2] Plaintiff argues the ALJ erred by rejecting this portion of the opinion because contrary to the ALJ's assertion that the doctor did not provide any explanation for this opinion, the doctor did in fact provide specified explanations. ECF No. 12 at 10-12. The Commissioner concedes this point. ECF No. 16 at 6. Regardless, the Court finds that the error was harmless as the ALJ provided multiple other clear and convincing reasons for discrediting the doctor's opinion and these reasons are substantially supported by the record. A district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009). Thus, remand is not appropriate with regard to this issue.

1    Further, the limitations stated in Dr. Foster's assessments were only in effect

2   from February 2016 onward and "no prior medical source opined that the claimant

3   would be as limited as Dr. Foster assessed." AR 31, 1055. Here, relevant period is

4   from November 2, 2012 to January 13, 2017, thus Dr. Foster's 2016 opinion is not

5   consistent with the longitudinal evidence of record. An ALJ may discredit treating

6   physicians' opinions that are unsupported by the record as a whole or by objective

7   medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th

8   Cir. 2004).

9        It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his

10  interpretation thereof, and mak[e] findings," which the ALJ did here. *Reddick v.*

11  *Chater*, 157 F.3d 715, 725 (9th Cir. 1998). When the ALJ presents a reasonable

12  interpretation that is supported by the evidence, it is not the role of the courts to

13  second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's

14  findings if they are supported by inferences reasonably drawn from the record."

15  *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is

16  susceptible to more than one rational interpretation, one of which supports the

17  ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ

18  did not err in his consideration of Dr. Foster's opinion.

19  //

20  //

### 3. Examining psychologist, Thomas Genthe, Ph.D.

Plaintiff also argues that the ALJ improperly assigned little weight to Dr.Genthe's opinion. ECF No. 12 at 12-13. In September 2014, Dr. Genthe opined that Plaintiff's ability to work near or around others was fair to poor. AR 24-25, 499. The doctor further opined that Plaintiff's ability to interact with the public and get along with his peers and coworkers was fair. *Id*.

The ALJ assigned little weight to Dr. Genthe's opinion because it was inconsistent with both his own findings, and the findings of other medical sources. AR 24-25, 103, 497-99, 799, 800, 801. An ALJ may reject opinions that are internally inconsistent. *Nguyen*, 100 F.3d at 1464. A discrepancy between a provider's notes and observations and the provider's functional assessment is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600.

Because the ALJ presented a reasonable interpretation of Dr. Genthe's opinion along with other evidence in the record, the Court will not second-guess it. *See Reddick*, 157 F.3d at 725; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds the ALJ did not err in his consideration of Dr. Genthe's opinion.

//

**C. The ALJ Did Not Err at Step Two of the Sequential Evaluation Process.**

Thirdly, Plaintiff contends that the ALJ erred by failing to find that he had 15 additional severe impairments at step two of the Process. ECF No. 12 at 13-14.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of

proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

An impairment or combination of impairments must have lasted for at least twelve continuous months. 20 C.F.R. §§ 416.905, 416.912, *Edlund*, 253 F.3d at 1159-60. And an alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding her symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

In making this argument, Plaintiff asserts that the ALJ "failed to include the following severe impairments, which significantly limit Plaintiff's ability to perform basic work-related activities," and follows this assertion with a list of 15 impairments and several mysterious cites to the record. ECF No. 13-14. However, Plaintiff must do more than simply issue spot; he has the burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11. Plaintiff has left it to the Court to guess at his specific contentions, the evidence that causes him concern, and how the ALJ erred with regard to this evidence. *United States v. Renzi*, 651 F.3d 1012, 1030 (9th Cir. 2011); *Independent Towers of Wash.*, 350 F.3d at 929–30.

Plaintiff's failure to argue this with more specificity essentially results in a waiver of the issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing

specific arguments:

> The art of advocacy is not one of mystery. Our adversarial system
> relies on the advocates to inform the discussion and raise the issues to
> the court. Particularly on appeal, we have held firm against
> considering arguments that are not briefed. But the term "brief" in the
> appellate context does not mean opaque nor is it an exercise in issue
> spotting. However much we may importune lawyers to be brief and to
> get to the point, we have never suggested that they skip the substance
> of their argument in order to do so. It is no accident that the Federal
> Rules of Appellate Procedure require the opening brief to contain the
> "appellant's contentions and the reasons for them, with citations to the
> authorities and parts of the record on which the appellant relies." Fed.
> R. App. P. 28(a)(9)(A). We require contentions to be accompanied by
> reasons.

*Independent Towers of Wash.*, 350 F.3d at 929.[3]  Moreover, the Ninth Circuit has

repeatedly admonished that the court will not "manufacture arguments for an

appellant" and therefore will not consider claims that were not actually argued in

appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977

(9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court

declines to consider this issue.

### D. The ALJ Did Not Err at Step Three of the Sequential Evaluation Process.

Fourth, Plaintiff argues the ALJ erred in not finding that he meets Listing

1.04A at step three of the Process. ECF No. 12 at 14-15. For an ALJ to find that a

---

[3] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23**

Plaintiff meets a listed impairment, the Plaintiff must show that his symptoms, signs and laboratory findings are at least equal in severity and duration to the characteristics of the listed impairment; or if the impairment is not listed, then to the listed in impairment most like the unlisted one. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

Listing 1.04 provides:

1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
    A. Evidence of nerve root compression is characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Here, the ALJ concluded that Plaintiff's degenerative disc disease did not meet or medically equal the severity of listing 1.04 for the following reasons: although Plaintiff tested positive for straight leg raises in April 2016, AR 1294, in February and July of 2016 his straight leg tests were negative, AR 22, 1256, 1268; his cervical MRI revealed disc protrusions and moderate to mild narrowing at various levels without cord compression, AR 1011; his reflexes and strength were intact, AR 22, 1268,1294; and because no acceptable medical source had opined that Plaintiff's spine impairment equaled Listing 1.04. AR 22.

The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. Thus, the ALJ's conclusion that Plaintiff did not meet the Listing 1.04 is supported by substantial evidence.

**E. The ALJ Did Not Err at Step Five of the Sequential Evaluation Process.**

Plaintiff argues that had his symptom testimony and the medical evidence discussed above been properly considered, a different residual functional capacity and resulting hypothetical to the vocational expert would have been reached. ECF No. 12 at 19-20. This is merely an attempt to repeat the same arguments discussed above. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations and the resulting vocational expert hypothetical was incomplete. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 25

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is

**GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

forward copies to counsel and **close the file**.

**DATED** this 30th day of September, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge